# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| ZIEGO GOODMAN, on behalf of himself and others similarly situated, | : : : | 5:24-cv-04680-JMG |
| Plaintiff, | : : | |
| v. | : : | |
| C&S WHOLESALE GROCERS, LLC, | : : | |
| Defendant. | : : | |

## CLASS ACTION SETTLEMENT AGREEMENT

The Parties (defined below) hereby **STIPULATE** and **AGREE** that this Action (defined below) is settled pursuant to the following terms and conditions and subject to judicial approval:

1. **Definitions.**

"**Action**" means the above-captioned litigation.

"**Administrator**" means the third-party settlement administrator to be mutually agreed upon by the Parties. Plaintiff will solicit not-to-exceed bids from potential settlement administrators.

"**Agreement**" means this Class Action Settlement Agreement.

"**Class Counsel**" means Winebrake & Santillo, LLC.

"**Class Member**" means all hourly paid employees at Defendant's Bethlehem, Dubois, Robesonia, York, and ES3 warehouses in Pennsylvania ("the Pennsylvania warehouses") who worked at least one week in which they were paid at least 39.75 hours between August 6, 2021 and April 5, 2025, according to Defendant's payroll data. Based on the payroll data produced to date, there are approximately 5,694 such individuals through September 15, 2024. By no later than May 2, 2025, Defendant will provide to Plaintiff's Counsel supplemental time and pay data

1

for the period of September 16, 2024 through April 5, 2025 for purposes of determining the membership of the class and calculating each Class Member's settlement allocation.

**"Class Period"** means August 6, 2021 and April 5, 2025.

**"Court"** means the United States District Court for the Eastern District of Pennsylvania.

**"Defendant"** means C&S Wholesale Grocers, LLC.

**"Defense Counsel"** means Littler Mendelson P.C.

**"Effective Date"** means the date on which the Court's Order approving the Settlement and Judgment becomes final and non-appealable (*i.e.* the period for filing any appeal has elapsed without any appeal being filed).

**"Eligible Week"** means each week in which a Class Member was credited with working 39.75 or more hours (exclusive of vacation, sick or other leave time) according to Defendant's payroll data during the applicable Class Period.

**"Net Settlement Fund"** means $799,000 *minus*: any Court-approved service award payment to Plaintiff and any Court-approved payment to Class Counsel for attorneys' fees, costs and expenses. If the Court approves Plaintiff's request for a $7,500 service award and Class Counsel's request for $266,300 in fees, costs and expenses (including Administrator expenses), then the Net Settlement Fund will equal $525,200.

**"Notice Form"** means the document attached as Exhibit A.

**"Participating Class Member"** means each Class Member who does not exclude himself/herself from the Settlement pursuant to paragraph 8. Any reference to Participating Class Member in this Agreement includes Plaintiff.

**"Parties"** means Plaintiff and Defendant.

**"Party"** means Plaintiff or Defendant.

**"Payment Amount"** means, for each Participating Class Member, the amount arrived at

2

through the following formula: $10 plus [(Net Settlement Fund) *minus* ($10 *multiplied by* the total number of Participating Class Members)] *multiplied by* [(individual Participating Class Member's Eligible Weeks) *divided by* (all Participating Class Members' combined Eligible Weeks)]. The Payment Amount for each Participating Class Member as described in the Notice Form assumes that (i) no Class Members will exclude themselves from the Settlement pursuant to paragraph 8; (ii) the Court will approve the requested $7,500 Service Award to Plaintiff; and (iii) the Court will approve Class Counsel's request for an award totaling $266,300 for attorneys' fees, costs and expenses. The Payment Amounts ultimately paid to Participating Class Members will be adjusted upwards (on a *pro rata* basis) to account for funds previously allocated to excluded Class Members and/or payments to Plaintiff or Class Counsel not approved by the Court. For Plaintiff, the Payment Amount will be calculated by adding the payment arrived at through the above-referenced formula to the additional consideration allocated to Plaintiff for Plaintiff's Service Award.

**"Plaintiff"** means Ziego Goodman.

**"Preliminary Approval Date"** means the date on which the Court enters an order "preliminarily" approving the Settlement pursuant to Fed. R. Civ. P. 23(e)(1)(B).

**"Released Claims"** for Participating Class Members means any claims or causes of action arising during the Class Period which were raised or which are reasonably related to the claims raised in the Action, including all such claims arising under the Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("WPCL"), the Fair Labor Standards Act ("FLSA"), or any state, local or other law governing wages, and any related claims for liquidated damages, penalties, attorneys' fees and costs, expenses, and interest for such wages. For Plaintiff, "Released Claims" also means a "General Release" as referenced in paragraph 6

3

below.

**"Released Parties"** means Defendant C&S Wholesale Grocers, LLC and all of its past, present, or future parents, subsidiaries, affiliates or related companies, operating entities, franchises, divisions, successors, and predecessors, as well as their respective past, present, and future owners, officers, directors, trustees, agents, employees, successors, administrators, executors, partners, assigns, attorneys, and insurers.

**"Settlement"** means the resolution of the Action, including the terms, conditions, and obligations described in this Agreement, and all Released Claims as effectuated by the Agreement.

2.  **Conditions Precedent**.  This Settlement is conditioned on passage of the Effective Date.

3.  **Failure to Obtain Court Approval**.  If the Settlement is not approved by the Court, the Parties agree to engage in follow-up negotiations with the intent of resolving the Court's concerns that precluded approval, and, if feasible, to promptly resubmit the Settlement for approval. If the Settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, the Settlement and this Agreement will be null and void, and the Parties will return to the status quo ante. During the remainder of the litigation, the Parties will be prohibited from relying on any negotiations, papers, positions, or orders related to the Settlement or Settlement negotiations, including any confidential information produced during settlement negotiations.

4.  **Maximum Settlement Amount**.  Defendant's maximum payment under this Settlement is the non-reversionary sum of $799,000, plus any funds necessary to cover employer-side taxes associated with the Payment Amounts to Participating Class Members.  Within ten (10) calendar days after the Effective Date, Defendant will remit $799,000 to the Administrator.  The

Administrator will deposit the settlement funds into a Qualified Settlement Fund ("QSF"). The Administrator will determine the amount of funds necessary to cover the employer shares of payroll employment taxes and withholdings on the Payment Amounts to Participating Class Members and inform Defendant of the amount within five (5) calendar days after the Court's order granting final approval of the Settlement. The Settlement Administrator shall thereafter remit and report the applicable portions of the employer-side taxes and withholdings to the appropriate taxing authorities on a timely basis for all Participating Class Members who timely negotiate their Settlement checks. To the extent Defendant has remitted payroll taxes to the QSF for Participating Class Members who have not timely negotiated their Settlement checks, the Administrator shall return those funds to Defendant no later than fourteen (14) calendar days after the Settlement check-cashing deadline has expired.

5. **Release by Participating Class Members**. Upon Defendant's satisfaction of its payment obligations, Participating Class Members release and forever discharge the Released Parties from the Released Claims.

6. **General Release by Plaintiff**. In exchange for the additional consideration provided in the Payment Amount allocated to this General Release as set forth above, Plaintiff generally releases and discharges Released Parties from any and all claims arising under any theory of law, including, but not limited to, contract, tort or statutory theories, that the Plaintiff may have against any of the Released Parties, including, but not limited to, claims for the payment of attorney's fees, whether presently asserted or not asserted, whether accrued or unaccrued, and

whether known or unknown, that relate to any matter or thing that occurred prior to the date that Plaintiff signs this Agreement (collectively, the "Claims Released").[1]

7. **Notice of the Settlement**.  On or before fourteen (14) calendar days after the Preliminary Approval Date, Defendant will provide to the Administrator and Class Counsel a Microsoft Excel file containing each Class Member's last known address, and provide to the Administrator an Excel spreadsheet listing each Class Member's social security number. The Administrator will use the National Change of Address Database and other available methods to update any addresses provided by Defendant. On or before twenty-one (21) calendar days after the Preliminary Approval Date, the Administrator will send the Notice Form to each Class Member by regular mail ("Notice Form Mailing Date"). If the post office returns any envelope with a forwarding address, the Administrator will promptly re-mail the envelope to the forwarding address. If the post office returns any envelope to the Administrator without a forwarding address,

---

[1] The Claims Released by Plaintiff are specifically intended to include, but not intended to be limited to, all claims arising from the Plaintiff's employment with Defendant, all claims that were or could have been asserted by the Plaintiff in this lawsuit, all retaliation claims, and all claims arising under any federal, state, or local law, including, but not limited to, the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act (ADEA), the Equal Pay Act, the Genetic Information Non-Discrimination Act, the Employee Retirement Income Security Act (ERISA), the Family and Medical Leave Act, the Pennsylvania Human Relations Act, the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, the Pennsylvania Whistleblower Law, and the Pennsylvania Equal Pay Law, all as amended. For the avoidance of doubt, this is a complete and general release to the maximum extent permitted by law and the Parties will cooperate to execute a new release providing the maximum protection to the Released Parties to the extent that this general release is not enforced in whole or in part. Plaintiff warrants that he has not assigned any of the Claims Released to any person or entity. Plaintiff represents and warrants that other than this Action, he has not filed, and does not presently have pending, any notices, complaints, charges, applications, or lawsuits of any kind whatsoever against the Released Parties with any court, arbitration association/forum, governmental agency, or any other regulatory body with respect to any matter related to the Released Parties. Nothing in this Agreement is intended to constitute a waiver or release of any claims arising after the date Plaintiff signs this Agreement, or any other non-waivable claim such as vested or accrued benefits under an employee benefit plan or any other benefits that cannot be waived as a matter of law.

the Administrator will provide a listing of the Class Members with returned envelopes to Class Counsel and Defense Counsel, work diligently to obtain an updated address and promptly mail the envelope to any updated address. The Administrator will prepare a sworn declaration describing the notice process to be filed with any other papers seeking final approval of the Settlement.

8. **Exclusions from the Settlement**. Any Class Member desiring to exclude himself/herself from the Settlement must do so in writing. Exclusion requests must be mailed to the Administrator pursuant to the instructions in the Notice Form and must be postmarked by the date falling sixty (60) calendar days after the Notice Form Mailing Date. The Administrator will promptly forward copies of all exclusion requests to Class Counsel and Defense Counsel. Class Counsel must file all exclusion requests with the Court as an exhibit to Plaintiff's motion seeking final approval of the Settlement. Plaintiff agrees he does not desire to and will not exclude himself from the Settlement.

9. **Objections to the Settlement**. Any Class Member desiring to object to the Settlement must do so in writing. Objections must be mailed to the Administrator pursuant to the instructions in the Notice Form and must be postmarked by the date falling sixty (60) calendar days after the Notice Form Mailing Date. The Administrator will promptly forward copies of all objection requests to Class Counsel and Defense Counsel. Class Counsel must file all objections with the Court as an exhibit to Plaintiff's motion seeking final approval of the Settlement. Plaintiff agrees that he does not desire to and will not object to the Settlement.

10. **Payments to Participating Class Members**. Participating Class Members do not need to submit any claim forms or other documents in order to receive a Payment Amount. Within fifteen (15) business days after the Effective Date, the Administrator will mail to each Participating Class Member: (i) a check in the amount of each Class Member's Payment Amount

less required withholdings and deductions, plus (in the case of Plaintiff) the amount of any Court-approved Service Award payment; and (ii) an IRS Form W-2 and an IRS Form 1099 (if necessary) for each Plaintiff. Fifty percent (50%) of the Payment Amounts to Participating Class Members shall be made with withholding and deductions ordinarily borne by employees, and reported to that Class Member as wage income on an IRS Form W-2. The remaining fifty percent (50%) of the Payment Amounts to Participating Class Members shall be reported to that Class Member on an IRS Form 1099 (if necessary).[2] Plaintiff's Service Award will be reported to Plaintiff on an IRS 1099 Form. If the post office returns any payments/forms to the Administrator with a forwarding address, the Administrator will promptly re-mail the payments/forms to the forwarding address. If the post office returns any payments/forms to the Administrator without a forwarding address, the Administrator will provide a listing of the Class Members with returned payments/forms to Class Counsel and Defense Counsel, will work diligently to obtain updated addresses for those Class Members, and will promptly re-mail the payments/forms to any updated addresses. Each Settlement check (including any replacement check) will bear an expiration date (*i.e.*, check cashing deadline) falling one hundred eighty (180) calendar days after it is sent. On or around the date falling seventy (70) calendar days after the Effective Date, the Administrator will send a reminder postcard to all Participating Class Members who have not cashed their checks. The Administrator and the Parties will work cooperatively to issue replacement checks as necessary. Funds attributable to uncashed checks will be donated to the Pennsylvania IOLTA Board.

   11.   **Payment to Class Counsel and Service Award to Plaintiff**. Class Counsel will request that the Court approve: (i) $266,300 to be paid to Class Counsel to cover all attorneys'

---

[2]   The Administrator may issue both the wage and non-wage amount in one check.

8

fees, costs and expenses; and (ii) a $7,500 Service Award payment to Plaintiff. This Settlement is not contingent on the Court's approval of these payments, and nothing prevents Defendant from opposing the reasonableness or propriety of these payments. Any portion of these payments not approved by the Court will increase the Net Settlement Fund and thereby enhance each Participating Class Member's Payment Amount. On or before fifteen (15) business days after the Effective Date, the Administrator will issue to Winebrake & Santillo, LLC a non-payroll check equaling the amount approved by the Court for payment to Class Counsel and an IRS 1099 form reflecting such payment.

12. **Court's Jurisdiction**. The Parties will request that the Court retain jurisdiction for the purpose of resolving any disputes relating to the implementation or enforcement of the Settlement.

13. **No Representations**. In entering into this Settlement, no Party relies on any statements, representations, or promises not described in this Agreement or in Plaintiff's General Release agreement (as set forth in paragraph 6 above).

14. **Entire Agreement**. This Agreement and Plaintiff's General Release agreement (as set forth in paragraph 6 above), together, set forth the entire agreement between the Parties hereto, and fully supersede any prior obligation of Defendant to Plaintiff. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement and his General Release agreement.

15. **Consent**. Each Party has carefully read and understands this Agreement and has received independent legal advice with respect to the Agreement.

16. **Successors**. This Agreement will inure to the benefit of and be binding upon each

Party's heirs, successors, and assigns.

17. **No Assignments**.  No Party has assigned or transferred, or purported to assign or transfer, to any other person or entity any rights or interests pertaining to the Action, Released Claims, or Settlement.

18. **No Presumptions**.  In interpreting this Agreement, there will not be any presumption of interpretation against any Party.

19. **No Admissions and No Prevailing Party**.  This Agreement is the result of a compromise between the Parties for the sole purpose of resolving the Action and the Released Claims and avoiding the time and expense of further litigation.  Nothing in this Agreement constitutes an admission of liability or the propriety of class certification by any Released Party with regard to the subject matter of the Action and the Released Claims, and none of the Settlement Participants are prevailing parties in the Action.  Moreover, neither the Settlement nor this Agreement shall be construed or used as an admission or as evidence of the validity of any claim against any Released Party.

20. **Tax Liability**.  Plaintiff, Class Counsel, and each Participating Class Member is solely responsible for the payment of any taxes and penalties assessed on his/her/their payment under this Agreement.

21. **Drafts of Filings, Mailings and Papers**. Unless and until this Settlement Agreement is voided pursuant to paragraph 3, Plaintiff's Counsel will provide drafts of any filings, mailings or other papers in this Action to Defense Counsel at least five (5) court days before their filing or mailing to afford Defendant an opportunity to comment and to secure Defendant's non-opposition or approval for filing.

22. **Warranty of Authority**.  Each signatory below warrants and represents that he/she

is competent and authorized to enter into this Agreement on behalf of the Party for whom he/she purports to sign.

23. **Evidentiary Privilege**.  This Agreement falls within the protection afforded compromises and offers to compromise under Federal Rule of Evidence 408.

24. **Applicable Law**.  This Agreement will be governed, enforced, and interpreted according to Pennsylvania law, without regard to conflict of law principles.

25. **Execution**.  This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: 05/05/2025, 2025

_____
Ziego Goodman
Plaintiff

Dated: May 5, 2025

_____
Deirdre Aaron
WINEBRAKE & SANTILLO
For Class Counsel

Dated: _____, 2025

_____
Greg Tabakman
For Defendant C&S Wholesale Grocers, LLC

11

is competent and authorized to enter into this Agreement on behalf of the Party for whom he/she purports to sign.

23.    **Evidentiary Privilege**.  This Agreement falls within the protection afforded compromises and offers to compromise under Federal Rule of Evidence 408.

24.    **Applicable Law**.  This Agreement will be governed, enforced, and interpreted according to Pennsylvania law, without regard to conflict of law principles.

25.    **Execution**.  This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _____, 2025          _____
                                 Ziego Goodman
                                 Plaintiff

Dated: _____, 2025          _____
                                 Deirdre Aaron
                                 WINEBRAKE & SANTILLO
                                 For Class Counsel

Dated: _April 25_, 2025          *Greg Tabakman*
                                 Greg Tabakman
                                 For Defendant C&S Wholesale Grocers, LLC

11

# EXHIBIT A

[*insert date*]

NOTICE OF SETTLEMENT
*Goodman v. C&S Wholesale Grocers, LLC, 5:24-cv-04680-JMG*
United States District Court, Eastern District of Pennsylvania

**TO:** **[*INSERT NAME*]**

**YOU ARE COVERED BY THE SETTLEMENT OF THIS LAWSUIT, WHICH WAS FILED AS A CLASS ACTION.**

**A FEDERAL JUDGE AUTHORIZED THIS NOTICE, WHICH SUMMARIZES THE TERMS OF THE SETTLEMENT AND EXPLAINS YOUR RIGHTS UNDER THE SETTLEMENT.**

**PLEASE READ THIS DOCUMENT CAREFULLY.**

### 1. Who is covered by the settlement?

The United States District Court for the Eastern District of Pennsylvania in Allentown, PA ("the Court") presides over this lawsuit, which was filed in August 2024 by Ziego Goodman ("Plaintiff") against C&S Wholesale Grocers, LLC ("Defendant").

For purposes of settlement, the lawsuit is proceeding as a "class action" on behalf of all hourly paid employees at Defendant's Pennsylvania warehouses who worked at least one week between August 6, 2021 and April 5, 2025 in which they were paid at least 39.75 hours according to Defendant's payroll data.

The people described above are called "Class Members." **You are a Class Member.**

Because the lawsuit has been settled, you are entitled to a settlement payment if the Judge approves the settlement as fair and reasonable. Your individual settlement payment amount is described in Section 4.

Please continue reading to learn more about the lawsuit, the settlement, and your options.

### 2. What is alleged in the lawsuit?

In the lawsuit, Plaintiff claims that he and other Class Members should have been paid for time that they spent walking between the warehouse entrances and the time clocks at the beginning and end of each shift. Plaintiff alleges that such time counts as compensable "work" under a law called the Pennsylvania Minimum Wage Act ("PMWA"). Thus, according to Plaintiff, Class Members should receive overtime pay for such time during weeks in which their total paid and unpaid time exceeds 40 hours.

Defendant denies any wrongdoing. Defendant contends that Plaintiff and the Class Members have been properly paid for all time worked and are not required to be paid for any additional time. The Court has made no decision about whether the claims have merit or whether the case can be litigated as a class action.

This lawsuit is limited to the time period between August 6, 2021 and April 5, 2025 (the

"**8/6/21-4/5/25 Period**").

| 3. | **Why is there a settlement?** |

The Judge has not decided who will win the lawsuit. So *all* parties run the risk of losing.

***The settlement is a compromise***. It allows both sides to avoid the costs, delays, and risks of further litigation and provides money to Plaintiff and other Class Members.

In reaching this settlement, Defendant denies that it violated any laws, and continues to assert that its pay practices were and are entirely legal.

| 4. | **How much money will I recover under the settlement?** |

The Judge will decide whether the settlement should be approved as fair and reasonable. If the Judge approves the settlement, Defendant will make a total settlement payment of $799,000. If the Judge approves the requested legal fees, expenses, and service award, a total of approximately $525,200 will be available to the ___ Class Members.

Class Members' individual settlement payments are determined as follows:

- Every Class Member will receive a base payment of $10.

- In addition to the $10 payment, based on calculations done by Plaintiff's expert, every Class Member will receive approximately $XX for each week within the 8/6/21-4/5/25 Period during which the Class Member was credited with working 39.75 or more hours (not including leave, vacation, or holiday time).

According to Defendant's payroll data, you, [***insert name***], were credited with working 39.75 or more hours during ___ weeks within the 8/6/21-4/5/25 Period. Your proportionate share of the settlement based on these ___ weeks equals $___ (___ weeks X $XX). When the $10 base payment is added to this amount, your **individual settlement payment** totals **$[___]**.

Your settlement check will be reduced to reflect certain payroll deductions and taxes. Specifically, 50% of your payment will be subjected to the types of taxes and withholdings ordinarily applied to paychecks.

Please remember that the above settlement payments will be made ***only if*** the Judge approves the settlement as fair and reasonable.

If you have any questions about the determination of your payment amount, please call the law firm listed in Section 9.

| 5. | **How can I receive a settlement payment?** |

If this Notice is addressed to you, then you are covered by the settlement and do not need to do anything to receive a settlement payment.

| 6. | What do I give up by receiving a settlement payment? |
|---|---|

If you do not exclude yourself from the settlement by following the procedures in Section 7, you will release and forever discharge C&S Wholesale Grocers, LLC (as well as its past, present, or future parents, subsidiaries, affiliates or related companies, successors, and predecessors, as well as their respective past, present, and future owners, officers, directors, members, managers, agents, employees, successors, heirs, spouses, administrators, executors, partners, assigns, attorneys, and insurers) from any claims or causes of action arising within the 8/6/21-4/5/25 Period that either were raised in or which are reasonably related to the Action, including all such minimum wage, overtime and other wage and hour claims arising under the Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collections Law ("WPCL"), the Fair Labor Standards Act ("FLSA") or any state, local or other law governing wages, and any related claims for liquidated damages, penalties, attorneys' fees and costs, expenses, and interest for such wages.

If you have any questions about this release, please call the law firm listed in Section 9.

| 7. | How do I exclude myself from this settlement? |
|---|---|

If you do not want to participate in the settlement, then you must take steps to exclude yourself.

To exclude yourself, you must prepare a note or letter simply stating: "I wish to be excluded from the settlement of the C&S Pennsylvania Wage Lawsuit." The letter or note may be typed or handwritten. Be sure to include your signature, printed full name, address, and telephone number. To be valid, your exclusion request must be postmarked no later than [*insert 60 calendar days after Notice Mailing Date*] and must be mailed to: [*insert administrator name and address*.]

If you exclude yourself from the settlement, you will not receive any money payment, you will not be legally bound by the settlement, and you will not waive or release any legal claims against Defendant.

| 8. | How do I object to the settlement? |
|---|---|

You can object to the settlement if you believe it is unfair or should not be approved. The Judge will consider your objection in deciding whether to approve the settlement.

To object to the settlement, you must prepare a letter or note stating that you "object" to the settlement in the C&S Pennsylvania Wage Lawsuit. The letter or note may be typed or handwritten. Be sure to include your signature, printed full name, address, and telephone number. You may (but are not required to) consult with or retain an attorney to assist you in drafting the objection. If you are not being assisted by an attorney, simply do your best to describe the reasons why you object to the settlement.

To be valid, your objection must be postmarked no later than [*insert 60 calendar days after Notice Mailing Date*] and must be mailed to: [*insert administrator name and address*.]

3

| 9. | Do I have a lawyer? |
|---|---|

Plaintiff and other individuals who do not exclude themselves from the settlement are represented by Winebrake & Santillo, LLC (Dresher, PA). Lawyers from Winebrake & Santillo will answer your questions about the lawsuit and settlement free of charge and in strict confidence. If you have questions or seek more information, please call **Winebrake & Santillo, LLC** at **(215) 884-2491**, **ext. 4** and identify yourself as a "Class Member" in the "C&S Pennsylvania Wage Lawsuit." The firm will direct you to someone who can answer your questions or provide you with additional information.

| 10. | How do the lawyers get paid and does Plaintiff get any extra money? |
|---|---|

You will ***not*** pay any legal fees or expenses out of your individual settlement payment described in Section 4. Rather, the above law firm will ask the Judge to award them $266,300 (which equals approximately 33% of the total $799,000 settlement fund) to cover all recoverable attorney's fees and litigation costs and expenses. The above law firm also will ask the Judge to approve a $7,500 service award payment to Plaintiff. The Judge has not yet decided whether he will approve the requested fees, expenses, or service award payments.

| 11. | When and where will the Judge decide whether to approve the settlement? |
|---|---|

The Judge will hold a hearing to decide whether to approve the settlement. You are not required or expected to attend that hearing. However, you certainly are welcome to attend.

During the hearing, the Judge will consider whether the payments to the Class Members are fair and reasonable and deserve to be approved. The Judge also will consider the fairness and reasonableness of the requested legal fees/expenses and service award. In making his decision, the Judge will consider any written objections to the settlement and will hear from any individuals (or their legal representatives) who wish to be heard.

The hearing will take place on ___ at ___ in Courtroom ___ of the United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania 18101.

| 12. | How do I obtain more information? |
|---|---|

This Notice summarizes the most important aspects of the proposed settlement. You can obtain further information by calling the law firm listed in Section 9.

4